**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4056**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

JEROME ANDRE BROADUS,

              Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Catherine C. Blake, District Judge.
(1:09-cr-00244-CCB-4)

Submitted:  November 30, 2010       Decided:  December 3, 2010

Before WILKINSON, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. James Roos III, LAW OFFICES OF J. JAMES ROOS III, Towson,
Maryland, for Appellant.  Michael Clayton Hanlon, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerome Andre Broadus pled guilty to conspiracy to distribute and possess with intent to distribute cocaine and crack cocaine. The district court sentenced him to 120 months' imprisonment — the statutory mandatory minimum sentence. Broadus' attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal, but questioning whether Broadus' guilty plea is knowingly and voluntarily entered and whether the sentence was reasonable. Broadus filed a pro se supplemental brief challenging the effectiveness of counsel below. Finding no reversible error, we affirm.

In the absence of a motion to withdraw a guilty plea, this court reviews the adequacy of the guilty plea pursuant to Fed. R. Crim. P. 11 for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Our review of the transcript of the plea hearing leads us to conclude that the district court fully complied with Rule 11 in accepting Broadus' guilty plea. The court ensured that Broadus understood the charge against him and the potential sentence he faced; that he entered his plea knowingly and voluntarily; and that the plea was supported by an independent factual basis. See United

2

States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Accordingly, we affirm Broadus' conviction.

We have also reviewed Broadus' sentence and determined that it was properly calculated and that the sentence imposed is reasonable. See Gall v. United States, 552 U.S. 38, 51 (2007); see United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). The district court followed the necessary procedural steps in sentencing Broadus, appropriately treated the sentencing guidelines as advisory, properly calculated and considered the applicable guidelines range, and weighed the relevant 18 U.S.C. § 3553(a) (2006) factors. We conclude that the district court did not abuse its discretion in sentencing Broadus to the 120-month mandatory minimum sentence. See Gall, 552 U.S. at 41; United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007) (applying appellate presumption of reasonableness to within-guidelines sentence).

Finally, in his pro se supplemental brief, Broadus claims he received ineffective assistance of counsel. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring such claims in a 28 U.S.C.A. § 2255 (West Supp. 2010) motion, unless the record conclusively

3

establishes ineffective assistance. <u>United States v. Richardson</u>, 195 F.3d 192, 198 (4th Cir. 1999); <u>King</u>, 119 F.3d at 295. Because the record does not conclusively show that Broadus' counsel was ineffective, we decline to consider these claims on direct appeal.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Broadus, in writing, of the right to petition the Supreme Court of the United States for further review. If Broadus requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Broadus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>